UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN W. COMRIE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 08 C 3060 |
| v. | ) |
| | ) Judge John W. Darrah |
| IPSCO INC.; IPSCO ENTERPRISES INC.; | ) |
| IPSCO ENTERPRISES INC. U.S. | ) |
| SUPPLEMENTAL EXECUTIVE | ) |
| RETIREMENT PLAN; and IPSCO INC. | ) |
| BENEFITS COMMITTEE, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, John W. Comrie, filed suit against Defendants, IPSCO Inc., IPSCO Enterprises Inc., SSAB Svenskt Stal AB ("SSAB AB"), IPSCO Enterprises Inc. U.S. Supplemental Executive Retirement Plan, and IPSCO Inc. Benefits Committee, alleging a violation of the Employee Retirement Income Security Act ("ERISA") § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B) (Count I), breach of contract (Count II), liability under a promissory estoppel theory (Count III) and failure of Defendants to satisfy their obligations under foreign law (Count IV). On September 19, 2008, Defendants filed a partial motion to dismiss and for a more definite statement. Defendants sought an order dismissing SSAB AB for lack of personal jurisdiction, requiring Plaintiff to provide a more definite statement with respect to Count IV pursuant to Rule 12(e) and dismissing Counts II and III pursuant to Rule 12(b)(6). On December 10, 2008, the Court granted the motion in part, dismissing SSAB AB for lack of personal jurisdiction, but

denied the motion in all other respects. Before the Court is Defendants' motion to reconsider that decision with respect to the denial of the motion to dismiss Counts II and III or, in the alternative, to certify the order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

## ANALYSIS

A motion for reconsideration allows a party to direct a court's attention to, *inter alia*, a manifest error of law, enabling the court to correct its own errors and avoid unnecessary appellate procedures. *See Mozo v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996) (*Mozo*). However, such a motion is not a chance for a party to advance arguments that could and should have been previously presented. *Mozo*, 91 F.3d at 876; *Russell v. Delco Remy Div. of General Motors Corp.*, 51 F.3d 746, 752 (7th Cir. 1995).

In ruling on Defendants' motion to dismiss Counts II and III, the Court began with the determination that if Plaintiff's claims for breach of contract (Count II) and liability under promissory estoppel (Count III) were claims under Illinois state law, they would be preempted by ERISA. The Court stated that "[t]herefore, it must be determined whether Counts II and III sound in Illinois state law or Canadian foreign law." The Court then proceeded to apply Illinois choice-of-law rules and determined that the contract at issue had its most significant contacts with Canada and that, therefore, Canadian law applied. The Court then addressed the question of whether ERISA preempts foreign law and concluded that it does not.

Defendants now argue in their motion to reconsider that ERISA preempts the Illinois choice-of-law rules that the Court applied in determining that Canadian law applied. According to Defendants, the Court should not have applied Illinois choice-of-law rules and, thus, should not have found Canadian law to apply. Defendants did not assert this argument in the briefing of

2

their motion to dismiss; in fact, it is directly contrary to the argument Defendants did make. Rather than arguing that Illinois choice-of-law rules were preempted, Defendants took the position that Illinois choice-of-law rules should govern, arguing: "a straightforward application of choice-of-law principles establish that Illinois law applies to Counts II and III, not Canadian law." (Defs.' Reply Br. at 2.) Defendants then presented a three-page analysis under Illinois choice-of-law rules to reach the conclusion that Illinois law applied.

The Court rejected Defendants' application of Illinois choice-of-law rules; Defendants now claim this argument was incorrectly framed and not fully developed. It was reasonably apparent to the Defendants that the Court, in applying Illinois choice-of-law rules, might conclude that Canadian law applied. If Defendants wished to present a fall-back argument, they should have done it before the Court ruled on the theory presented by Defendants.

Furthermore, Defendants have not presented a convincing argument that the Court's holding was in error. Defendants rely on three cases to support their position that ERISA preempts state choice-of-law rules: *Morton v. Smith*, 91 F.3d 867 (7th Cir. 1996) (*Morton*); *Prudential Ins. Co. v. Doe*, 140 F.3d 785 (8th Cir. 1998) (*Prudential*); and *In re Sears retiree Group Life Ins. Litigation*, 90 F.Supp.2d 940 (N.D. Ill. 2000) (*In re Sears*). However, none of these cases offers direct support to Defendants' position. Rather, they hold that parties to a contract may not avoid ERISA preemption by agreeing to be governed by state law. *See Morton*, 91 F.3d at 871; *Prudential*, 140 F.3d at 791; *In re Sears*, 90 F.Supp.2d at 951. Defendants' cases

do not concern the application of foreign law and do not address the question of whether ERISA preempts a state's general choice-of-law rules. Thus, Defendants have not shown that the Court's denial of their motion to dismiss Counts II and III contained a "manifest error of law." *Mozo*, 91 F.3d at 876.

Defendants next argue that the application of Canadian law would violate the Supremacy Clause of the United States Constitution. This is another argument that Defendants might reasonably have raised in support of their motion to dismiss but chose not to. The issue of the application of Canadian law to Counts II and III was squarely before the Court. Any arguments Defendants had with respect to this issue should have been raised prior to the Court's ruling.

Therefore, Defendants' motion to reconsider is denied.

Defendants also petition the Court to certify an order for interlocutory appeal under 28 U.S.C. § 1292(b). A district court may certify an order for interlocutory appeal if it presents a question of law that is controlling, contestable and the resolution of which would speed up the litigation. *Ahrenholz v. Board of Trustees of University of Illinois*, 219 F.3d 674, 675 (7th Cir. 2000). In this case, it is unlikely that certification to the Court of Appeals would advance the ultimate resolution of this case. The order Defendants seek to appeal concerns only two of the four counts of Plaintiff's Complaint; litigation of Counts I and IV would proceed regardless of the outcome an interlocutory appeal. Furthermore, in the event that the order was not reversed, the final conclusion of the case could be significantly delayed. Therefore, Defendants' petition for interlocutory appeal is denied.

## CONCLUSION

For the foregoing reasons, Defendants' motion to reconsider or, in the alternative, to certify the order for interlocutory appeal is denied.

Dated: May 7, 2009

JOHN W. DARRAH
United States District Court Judge