# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JOHN W. COMRIE, ) | |
| ) | |
| Plaintiff, ) | Case No. 08 C 3060 |
| ) | |
| v. ) | Judge John W. Darrah |
| ) | |
| IPSCO, INC., et al., ) | Magistrate Judge |
| ) | Martin C. Ashman |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, John W. Comrie ("Plaintiff"), has sued Ipsco, Inc. ("Ipsco"), and other defendants ("Defendants") under the Employee Retirement Income Security Act ("ERISA"), as well as other law. Before this Court is Plaintiff's Motion to Compel Production of Putative Privileged Documents ("Plaintiff's Motion" or "Motion") under Federal Rule of Civil Procedure ("Rule 37"). The Court rules on this Petition under Judge John Darrah's referral of this case for discovery supervision pursuant to N.D. Ill. R. 72.1. For the reasons set forth below, this Court grants Plaintiff's Motion.

### I. Background

This dispute concerns the production of documents. The parties in this case have a protective order in place. This protective order states how to mark confidential documents and describes the procedures for "clawing back" documents. It also states that "[t]he provisions of Federal Rule of Evidence 502 shall apply to and govern the effect of the disclosure of communications or information covered by the attorney-client privilege."

Throughout this litigation, Defendants have produced more than 5,500 documents and have reviewed several thousand more. (Defs.' Resp. 1 n.1.) During the course of this production, they produced a document eventually labeled "Exhibit 36," which is an e-mail from Ipsco's associate general counsel, Michelle Klebuc-Simes ("Klebuc-Simes"), to two attorneys at the law firm of Winston & Strawn, which at the time acted as outside counsel for Ipsco. (*Id.* at 2.) The e-mail contained the following relevant language: "Once you have had an opportunity to review [the attachment], please contact me to set up a call with Ray and Les to discuss our next steps." (*Id.*, Sealed Ex.)

During Klebuc-Simes' deposition, Plaintiff inquired into the contents of Exhibit 36. In fact, Plaintiff's counsel read the entire body of the e-mail. After this questioning, Defendants' counsel objected on grounds of privilege and requested Plaintiff return it. Plaintiff complied with this request, but because he felt the document was not privileged, filed this current Motion. Plaintiff argues that he is entitled to the document for three reasons. First, the document is not privileged. Second, if the document is privileged, the privilege is waived. Finally, even if the document is subject to the privilege and no waiver has occurred, the document falls within the "fiduciary exception" to the attorney-client privilege. The Court now turns to these arguments.

## II. <u>Discussion</u>

### A. Privilege

Plaintiff argues that the attorney-client privilege does not apply here because the communication did not seek primarily legal advice. (Pl.'s Reply 1.) The attorney-client privilege applies where "the communication in question [is] . . . made[] (1) in confidence; (2) in

connection with the provision of legal services; (3) to an attorney; and (4) in the context of an attorney-client relationship." *U.S. v. BDO Seidman, LLP*, 492 F.3d 806, 815 (7th Cir. 2007). Here, these elements are satisfied. Klebuc-Simes, an agent of the client, sought the legal opinion of her client's outside counsel. The fact she did so in less-than-magic words doesn't alter the nature of her request. The attorney-client privilege does not require a declaration or secret password. The request here is sufficient; therefore, the communication is privileged.

### B.     Waiver

Plaintiff next argues that Defendants waived the privilege because the disclosure was not inadvertent, and, even if it was, Defendants failed to rectify the erroneous production. The gist of the argument is that the deponent and Defendants' counsel had ample time to review the document before and during the deposition–and therefore should have noticed that it was privileged at that time. (Pl.'s Reply 4.)

In *Heriot v. Byrne*, 257 F.R.D. 645, 654 (N.D. Ill. 2009), this Court explained that Federal Rule of Evidence 502(b) ("FRE 502(b)") now governs inadvertent disclosure.. FRE 502(b) states that disclosure does not waive the attorney-client privilege if

> (1) the disclosure is inadvertent;
>
> (2) the holder of the privilege or protection took reasonable steps to prevent disclosure; and
>
> (3) the holder promptly took reasonable steps to rectify the error, including (if applicable) following Federal Rule of Civil Procedure 26(b)(5)(B).

FED. R. EVID. 502(b)(1)-(3). The burden of proving all three elements in on the party asserting inadvertence. *Id.* at 654, 658.

As this Court explained in *Heriot*, whether the disclosure is inadvertent and whether the holder of the privilege took reasonable steps turns on a variety of factors, including the number of documents and how they were reviewed prior to production.[1] *Id.* at 658-59. Here, Defendants failed to inform the Court about their efforts to review and disclose the documents. Although the protective order provides a method for marking documents, it does not detail the procedures or methods for reviewing them. Although Defendants claimed they inadvertently produced documents, they failed, with the exception of stating the number of documents produced, to support that assertion with facts. Without such information, the Court cannot find that the Defendants met their burden to show either that the disclosure was inadvertent, or that Defendants took reasonable steps to prevent disclosure. The burden is on Defendants to prove all three of the elements in FRE 502. Because they have not done so here, they waived any claim of privilege as to Exhibit 36.

### C. Fiduciary Exception

Plaintiff also contends that the document–even if privileged and not waived–falls within the "fiduciary exception" and, therefore, is discoverable. This exception applies where the beneficiary requests from "a fiduciary of an ERISA plan . . . 'any communications with an attorney that are intended to assist in *the administration of the plan*.'" *Bland v. Fiatallis N. Am., Inc.*, 401 F.3d 779, 787 (7th Cir. 2005) (quoting *In re Long Island Lighting Co.*, 129 F.3d 268, 272 (2d Cir. 1997) (emphasis added)). Underlying this exception is "the theory that the

---

[1] One Court has taken a different view of FRE 502(b)'s application. *Coburn Group, LLC v. Whitecap Advisors LLC*, 640 F. Supp. 2d 1032, 1038 (N.D. Ill. 2009).

- 4 -

attorney-client privilege should not be used as a shield to prevent disclosure of information relevant to an alleged breach of fiduciary duty." *Id.* As should be evident from the foregoing, the fiduciary exception applies only when the plan administrator acts her capacity as a fiduciary. *Id.* at 788 (noting that decisions outside the exception are "not fiduciary decisions"); *see also King v. Nat'l Human Res. Comm., Inc.*, 218 F.3d 719, 723 (7th Cir. 2000) ("It is clear that a person can be a fiduciary for some purposes but not others.").

"Administration of the plan" does not mean large-scale decisions relating to the plan's design, amendment, or termination. *King*, 218 F.3d at 723. Thus, amending or abolishing unaccrued benefits by, for example, "spinning off plan assets to a new plan" does not constitute plan administration. *Bland*, 401 F.3d at 788. Decisions about investment of plan money or the disposition of plan assets, however, constitute "administration of the plan." *Id.*; *Beesley v. Int'l Paper Co.*, 2008 WL 2323849, at *2 (S.D. Ill. June 3, 2008) (citing *King*, 218 F.3d at 724) (unpublished).

Exhibit 36 falls within the fiduciary exception. Klebuc-Simes is a fiduciary, as she admitted in her deposition, (Pl.'s Reply, Ex. B, Klebuc-Simes Dep. 38:23-40:21, November 4, 2009), and she sent an e-mail to an attorney. Thus, the only remaining question is whether the communication was intended to assist in plan administration. The Court finds that it was. The e-mail in this case related to Plaintiff's claims for benefits under his plan and other severance benefits that he was denied. While neither party explained the allegations in the complaint, at least one claim is based on the plan administrator's decision to deny Plaintiff's claimed benefits–not any large-scale decisions about design, amendments, or termination. (*See* First Amend. Compl. ¶ 34.) Plaintiff's claim is, therefore, directed at plan administration. As a

corollary, Defendants' argument that "[Klebuc-Simes] was not seeking advice regarding the [plan] administration" because she "was requesting legal advice with respect to [Plaintiff's] . . . claims" is unfounded. (Defs.' Resp. 5.) Therefore, Exhibit 36 falls within the fiduciary exception and is not privileged.

### III. Conclusion

For the aforementioned reasons, this Court finds that the communication at issue (Exhibit 36) was privileged, that Defendants waived that privilege, and that the communication falls within fiduciary exception. Therefore, the Court grants Plaintiff's Motion.

**ENTER ORDER:**

Dated: November 30, 2009.

**MARTIN C. ASHMAN**
United States Magistrate Judge