UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN W. COMRIE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | |
| v. ) | No. 08 CV 3060 |
| ) | |
| IPSCO INC., a Canadian corporation; ) | Judge John W. Darrah |
| IPSCO ENTERPRISES INC., a ) | |
| Delaware corporation; IPSCO ) | |
| ENTERPRISES INC. U.S. ) | |
| SUPPLEMENTAL EXECUTIVE ) | |
| RETIREMENT PLAN; and IPSCO INC. ) | |
| BENEFITS COMMITTEE, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court are Defendants' Bills of Costs, which were timely filed after judgment was entered by this Court in favor of Defendants. Defendant IPSCO, Inc. ("IPSCO") requests that Plaintiff be taxed $43,304.67 in costs pursuant to 28 U.S.C. § 1920, Federal Rule of Civil Procedure 54(d) and Local Rule 54.1. Defendants IPSCO Enterprises Inc., IPSCO Enterprises Inc. U.S. Supplemental Executive Retirement Plan and IPSCO Inc. Benefits Committee (collectively, "the Plan Defendants") request that Plaintiff be taxed $53,138.69 in costs pursuant to 28 U.S.C. § 1920, Federal Rule of Civil Procedure 54(d) and Local Rule 54.1. All Defendants seek to recover costs for deposition transcript fees, court reporter fees, copies of pleadings, processing of electronically stored information ("ESI"), and scanning of hard copy documents in order so that they would be electronically searchable ("OCRing").

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 54(d)(1), unless a federal statute, the federal rules, or a court order provides otherwise, costs, other than attorney's fees, should be allowed to the prevailing party. Fed. R. Civ. P. 54(d)(1). When ruling on a bill of costs, there is a strong presumption favoring the award of costs to the prevailing party. *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 945 (7th Cir. 1997). Further, district courts enjoy wide discretion in determining and awarding reasonable costs. *Testa v. Village of Mundelein, Illinois*, 89 F.3d 443, 447 (7th Cir. 1996). Under Rule 54, recoverable costs, as set forth in 28 U.S.C. § 1920, include: (1) fees of the clerk, (2) fees for transcripts, (3) fees for printing and witnesses, (4) fees for copies of papers necessarily obtained for use in the case, (5) docket fees, and (6) compensation of court-appointed experts and interpreters. *Goldsmith v. Murphy*, 2005 U.S. Dist. LEXIS 8443, at *12 (N.D. Ill. Feb. 22, 2005). However, it should be noted that, under Rule 54(d), a court does not have "unrestrained discretion to tax costs to reimburse a winning litigant for every expense he has seen fit to incur . . . . [I]tems proposed by winning parties as costs should always be given careful scrutiny." *Farmer v. Arabian Am. Oil Co.*, 379 U.S. 227, 235 (1964). While a prevailing party does not need to provide a detailed breakdown of the documents that were copied, the party must provide enough information to allow the court to know what is taxable and what is not. *See Northbrook Excess & Surplus Ins. Co. v. Proctor & Gamble Co.*, 924 F.2d 633, 643 (7th Cir. 1991) (*Northbrook*) (holding that a party does not need to "submit a bill of costs itemizing each document copied" but does have to "provide the best breakdown obtainable from retained records."). A prevailing party is entitled to recover costs only if: (1) the expenses are allowable under § 1920 and (2) the expenses are reasonable both in amount and necessity to the litigation. *Deimer v. Cincinnati Sub-Zero Products, Inc.*, 58 F.3d 341, 345 (7th Cir. 1995) (*Deimer*).

Defendants argue that Rule 54(d)(1) applies because they are not seeking attorney's fees. Plaintiff argues that since Plaintiff brought his claim under ERISA, the determination of an award of costs is governed by 29 U.S.C. § 1132(g)(1). However, Plaintiff does concede that Rule 54(d)(1) does apply to the non-ERISA claims brought by the Plaintiff.

29 U.S.C. § 1132(g)(1) provides that, "In any action under this subchapter . . . by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. §1132(g)(1). In *Loomis v. Exelon Corp.*, this Court stated, "Requests for fees and non-taxable costs are governed by ERISA's fee-shifting provision 20 U.S.C. § 1132(g)(1), but requests for taxable costs are governed by Rule 54(d) and 28 U.S.C. § 1920." *Loomis v. Exelon Corp.*, 2010 WL 1005037, at *1 (N.D. Ill. March 11, 2010). *See also Kamler v. H/N Telecommunication Services, Inc.*, 2001 WL 1104655, at *1 (N.D. Ill. September 19, 2001) (applying Rule 54(d) to motion for bill of costs on a granted motion for summary judgment on an ERISA claim). Therefore, Rule 54(d)(1) applies.

## ANALYSIS

### *Plaintiff's Motion to Strike Schmidtke Declaration*

After IPSCO filed its reply brief, Plaintiff filed a motion to strike the declaration of Mark Schmidtke, which was attached to IPSCO's reply. Under 28 U.S.C. § 1924, "before any bill of costs is taxed, the party claiming any item of cost or disbursement shall attach thereto an affidavit, made by himself or by his duly authorized attorney or agent having knowledge of the facts, that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed." 28 U.S.C. § 1924. Plaintiff has objected to the declaration of Mark Schmidtke on the grounds that it would be

3

unfairly prejudicial to allow IPSCO to rely on the declaration, that the declaration introduces new arguments, and that the factual material must be, in fairness, disregarded.

There is no prejudice presented here by allowing IPSCO to attach an affidavit to its reply brief. 28 U.S.C. § 1924 has been interpreted to not *require* the filing of an affidavit with a bill of costs initially, but only before a bill of costs is taxed. *See Sullivan v. Cheshier*, 991 F.Supp 999, 1001 (N.D. Ill. 1998) ("While it may be preferable for a party to file supporting documentation and authority along with the bill of costs, 28 U.S.C. § 1924 does not appear to require it. . . . An affidavit is only required under Section 1924 before any bill of costs is taxed.") (internal citations and modifications omitted); *Ogborn v. United Food and Commercial Workers, Local No. 881*, 2000 WL 1810059, at *2 (N.D. Ill. December 7, 2000) (holding that while an affidavit is required, the affidavit may be submitted subsequent to the initial filing of the bill of costs). No bill of costs has yet been taxed. IPSCO also suggested that Plaintiff could respond to the reply brief; but Plaintiff, in its reply to the Motion to Strike, did not ask to reply. Plaintiff's motion to strike is denied.

## *IPSCO's Costs*

IPSCO seeks to recover $2,948.71 in deposition transcript fees and court-reporter fees for the depositions that IPSCO used in support of its motion for summary judgment. In support of those costs, IPSCO attached an itemized statement that identifies the deponent, the date the deposition was taken, the court reporter agency, the number of pages, the price per page, and the total cost for each deposition. Further, IPSCO attached itemized invoices from the court reporting agencies used. Plaintiff does not contest IPSCO's request for deposition and court-reporter fees.

Under 28 U.S.C. § 1920(2), deposition and court reporter fees are considered taxable costs that the court may award at its discretion. 28 U.S.C. §1920(2). In order to recover deposition costs, the depositions must be necessarily obtained for use in the case. *Deimer*, 58 F.3d at 345. IPSCO asserts that the depositions and court reporters were necessary for IPSCO's motion for summary judgment; this is uncontested. The maximum amount, per page, IPSCO can recover is the amount set by the Judicial Conference of the United States. That amount is $3.65 per page. *See Gallagher v. Gallagher*, 2010 WL 2610192, at *4 (N.D. Ill. June 24, 2010). Further, 28 U.S.C. §1920(2) applies only to court-reporter fees and deposition transcripts. *See Mother & Father v. Cassidy*, 338 F.3d 704, 712 (7th Cir. 2000). Finally, appearance fees are taxable under § 1920(2). *Id.*

IPSCO is seeking to recover costs for five depositions. IPSCO will be awarded $698.70 (274 pages at $2.55 per page) for the certified transcript of the deposition of John Comrie.[1] The prices for custom tabs, exhibits, an ETV disk, and a condensed transcript are not recoverable. IPSCO will be awarded $507.15 (207 pages at $2.45 per page) for the transcript of Raymond Rarey. IPSCO will be awarded $299.70 (222 pages at $1.35 per page) for the transcript of Michele Klebuc-Simes. IPSCO will be awarded $310.25 (85 pages at $3.65 per page) for the transcript of Brian Grosman and $250.00 for the court-reporter fee for the deposition of Brian Grosman. With regards to the deposition of Neil Shore, the Court cannot determine, from IPSCO's bill of costs, how many pages the transcript contains. This makes it impossible to know if the requested $325.95 is within the maximum rate per page. Therefore, the $325.95 for the deposition of Neil Shore is not recoverable. In total, IPSCO is awarded $2,065.80 in deposition and court-reporter costs.

---

[1] IPSCO included a prospective late fee from the invoice for the John Comrie deposition. This cost is not recoverable.

IPSCO argues that it is entitled to costs associated with the copying, scanning, and making the documents electronically searchable, under 28 U.S.C. § 1920(4). According to IPSCO, the OCRing performed was in response to Plaintiff's discovery requests. Plaintiff argues that OCRing is only taxable if it substitutes for a hard copy of the same documents. Plaintiff contends that IPSCO is trying to tax the cost of both the hard copies and the OCRing of the same documents. IPSCO's reply and affidavit argue that the OCRing of documents was in connection with Plaintiff's discovery requests. Further, according to IPSCO, the hard copy documents needed to be scanned into the system in order to have the documents OCR'd. Those discovery documents were OCR'd in lieu of producing the hard copy documents. According to IPSCO, documents were merely printed off of a cd-rom, reviewed for responsiveness, scanned if responsive, and made searchable.

28 U.S.C. § 1920(4) provides that "a judge or clerk of any court of the United States may tax as costs fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. §1920(4). Costs for OCRing have been allowed where the documents are OCR'd in lieu of production of hard copies. *Business Systems Engineering, Inc. v. International Business Machines Corp.*, 249 F.R.D. 313, 315 (N.D. Ill. 2008) (*Business Systems*). Further, costs for pre-production copying have also been allowed. *Id.* (stating that, "Identifying and copying documents that may be responsive to a document request are necessary steps in any document production").

The itemization provided by IPSCO clearly breaks down the number of pages scanned and OCR'd by Docu-Tech Document Services. The itemization further shows what documents were printed. According to IPSCO, the documents were not duplicates. This, as IPSCO argues, is evidenced by the difference in pages scanned and pages printed. IPSCO's costs for printing,

scanning, and OCRing the documents are recoverable under 28 U.S.C. § 1920(4). Specifically, IPSCO may recover the 358.80 (3,588 pages at $0.10 per page) for scanning, $107.64 (3,588 pages at $0.03 per page) for OCRing, $671.76 (7,464 pages at $0.09 per page) for printing, and $689.31 (7,659 pages at $0.09 per page) for printing. The creation of a custom made cd-rom and extra charges for hand labor are not recoverable. Therefore, IPSCO is awarded $1,827.51 for the costs of printing, scanning, and OCRing of the documents.

Finally, IPSCO requests costs for the analysis, storage, extraction, and recovery of ESI that IPSCO was required to process and review in response to Plaintiff's discovery requests. IPSCO is seeking to recover $38,328.75. IPSCO claims that the ESI costs were incurred pursuant to an agreement between Plaintiff and IPSCO and that Plaintiff requested production of ESI in this case. Plaintiff argues, that while the parties agreed to ESI production, the parties did not agree as to whether the expenses of producing ESI would be taxed as costs. Plaintiff concedes that the cost of converting ESI into a readable format is taxable. Plaintiff argues that the storage costs, search costs, and every other stage of the ESI process are not taxable. Plaintiff, in his response, lays out a laundry list of costs that IPSCO seeks to recover.

The Seventh Circuit has noted that there appears to be no authority for the recovery of storage costs under 28 U.S.C. § 1920. *Northbrook*, 924 F.2d at 644 n.14. Under 28 U.S.C. § 1920, costs for converting computer data into a readable format in response to a plaintiff's discovery requests are taxable. *Heckler v. Deere & Co.*, 556 F.3d 575, 591 (7th Cir. 2009) (*Heckler*).

With respect to the issue of whether search costs, with respect to ESI, are recoverable, Plaintiff cites to the case of *Windy City Innovations, LLC v. AOL, Inc.*, 2006 WL 2224057, at *3 (N.D. Ill. July, 31 2006) ("*Windy City*"). In *Windy City*, the court held that costs associated with

7

a computer document coding system used to search for specific terms were not recoverable. *Id.* The court noted that "typically in a case, document requests require parties to find documents that discuss certain events, phrases, or terms." *Id.* According to the court, the types of requests associated with that requirement are not sufficient to bring a computerized document coding system into the world of recoverable costs. *Id.* In response, IPSCO relies upon the case of *Cefalu v. Village of Elk Grove*, 211 F.3d 416 (7th Cir. 2000) ("*Cefalu*"), for the presumption that search costs can be considered recoverable under 28 U.S.C § 1920. However, in *Cefalu*, the Seventh Circuit considered the exemplification costs of a media system used to present exhibits to the jury at trial. *Cefalu*, 211 F.3d at 428. In contrast, here, IPSCO is requesting costs associated with the production of ESI. Multi-media displays of trial exhibits are a far cry from electronic document production.

The costs associated with searching are not recoverable in this case. IPSCO states that searches of the ESI were conducted based upon a protocol. This protocol was designed to be used to search and identify responsive documents. These costs are equivalent to having an attorney or paralegal read through the documents, at an hourly rate, to determine whether documents are responsive. Therefore, costs for searching are not recoverable under 28 U.S.C. § 1920.

Therefore, ESI costs are limited to costs of conversion, processing and extraction. These costs are recoverable in this case since they were not for searching or storage but, rather, were necessary to IPSCO's ESI production. Breaking those costs down by amount and date of invoice, IPSCO is entitled to recover the following: $6,000 (9/30/09), $1,250 (9/30/09), $3,000 (10/21/09), $600 (10/21/09), $500 (11/30/09), $1,200 (11/30/09) and $5,700 (1/31/10). Therefore, for ESI costs, the Court awards IPSCO a total of $18,250.00.

*Plan Defendants' Costs*

The Plan Defendants seek to recover $2,641.10 in deposition transcript fees and court-reporter fees for the depositions that Defendants used in support of their motion for summary judgment. Defendants attached itemized statements to reflect a specific breakdown of these costs. In response to Defendants' request for deposition and court-reporter fees, Plaintiff does not contest Defendants' request for deposition and court-reporter fees.

For the same reasons stated above, the Plan Defendants will be awarded $945.30 (274 pages at $3.45 per page) for the deposition of John Comrie, $311.00 for the appearance fee at the deposition of John Comrie, $207.00 (230 pages at $0.90 per page) for the deposition of Michele Klebuc-Simes, $186.30 (207 pages at $0.90 per page) for the deposition of Raymond Rarey, $76.50 (85 pages at $0.90 per page) for the deposition of Brian Grosman, $436.65 (123 pages at $3.55 per page) for the deposition of Neil Shore, $168.00 for the appearance fee at the deposition of Neil Shore, $215.35 (59 pages at $3.65 per page) for the deposition of Jeffrey Van Wagner, and $95.00 for the appearance fee at the deposition of Jeffrey Van Wagner. In total, the Court awards the Plan Defendants $2,641.10 for deposition costs and court reporter attendance fees.

The Plan Defendants also request $310.80 for copying costs of providing one copy of the pleadings to the Court as courtesy copies. Plaintiff does not contest this cost. Therefore, the Court finds that the copies were necessarily obtained for use in the case under 28.U.S.C. § 1920(4) and awards the Plan Defendants $310.80.

The Plan Defendants next assert that they are entitled to costs incurred during the scanning of hard copy documents and OCRing those documents. Plaintiff argues that Defendants should recover only for the 3,517 pages that were produced rather than the 7,406

9

pages that were initially scanned. However, a prevailing party is entitled to costs associated with copying documents in response to document requests, even if not all of those documents are eventually produced. *See Business Systems*, 249 F.R.D. at 315 (N.D. Ill. 2008). Therefore, for all reasons stated above and under *IPSCO's Costs*, the Plan Defendants are awarded $740.60 for scanning (7,406 pages at $0.10 per page) and $370.30 for OCRing (7,406 pages at $0.05 per page). In total, the Court awards the Plan Defendants $1,110.90 in costs for scanning and OCRing.

Finally, the Plan Defendants assert that they are entitled to costs for processing and review of ESI documents in response to Plaintiff's discovery requests. Defendants adopt the same argument as IPSCO. Plaintiff also attacks the Plan Defendants' arguments in a similar fashion to his attack on IPSCO. Reviewing the invoices offered in support of the Plan Defendants' bill of costs, it is not possible to determine whether the costs sought are recoverable. For example, a large component of Defendants' costs are for "project management." Defendants fail to explain what services this label encompasses. Therefore, the Plan Defendants are entitled to the following costs, set out by amount and date of invoice: $1,000 (10/1/09) and $3,638.39 (11/1/09), for a total of $4,638.39.

Based upon the stated reasons above, the Court awards the Plan Defendants at total of $8,701.19.

## CONCLUSION

For the reasons stated above, IPSCO's bill of costs is granted in part and denied in part. IPSCO is awarded a total of $22,143.31. The Plan Defendants' bill of costs is granted in part and denied in part. The Plan Defendants are awarded a total of $8,701.19.

Dated: December 1, 2010

JOHN W. DARRAH
United States District Court Judge